JONES, JUDGE:
The claimant, Dorotha Jean Catlett, seeks to recover damages to her 1970 American Motors Hornet automobile in the amount of $1,500.00, which she alleges were the result of negligent conduct of the respondent, Department of Public Institutions. The claimant’s husband, Ronald E. Catlett, is now and was at the time this claim arose, a State trooper employed by the Department of Public Safety and stationed at Welch, West Virginia. Prior to October 14, 1974, Trooper Catlétt had been at the Welch barracks for more than a year; and Daniel Duskey, a convict transferred from the Huttonsville Medium Security Prison to the Welch barracks as a trusty for housekeeping duties, had lived and worked in the barracks for several months. His wife desiring to sell her automobile, Trooper Catlett placed the vehicle on the police headquarters parking lot with a “For Sale” sign in the window. The *136 parking lot was along Route 52, a main thoroughfare through McDowell County, where the automobile would get more exposure for purposes of sale than in the trailer park where the Catletts lived. According to Trooper Catlett, the keys to the automobile were left in a pigeonhole-type mailbox in the front office so the vehicle could be moved if in the way or if a prospective customer wanted the car started. Duskey had his separate sleeping room, and he and at least one officer were at the barracks on a twenty-four hour basis. On the night this claim arose two troopers were in the barracks.
At about 5:30 a.m. on October 14,1974, Trooper D. R. Moore, who testified at the hearing, was awakened and informed that Duskey had wrecked the claimant’s automobile. He promptly proceeded to the scene of the accident at Big Sandy and transported Duskey back to Welch where he was charged with “joy riding” and placed in the county jail. It appears that Duskey had obtained the car keys from the mailbox, where they were easily available to him, locked himself in his room, then climed out a window and drove the claimant’s vehicle away, presumably to visit a girl friend. While our decision in this case will eliminate the need for adjudication of market value of the claimant’s vehicle, there is no question that it was a total loss.
The only suggestion of negligence on the part of the respondent was the testimony of Trooper Catlett that the Warden of the Medium Security Prison had recommended a convict to serve the State Police Detachment as a trusty who turned out not to be trustworthy. Obviously, a state penitentiary is not the best place to look for someone to guard your property, but it has long been the policy of penal institutions to assign rehabilitative and productive tasks to prisoners who show a degree of trustworthiness above the average among their fellow prisoners. This trusty had been convicted of writing bad checks. He was interviewed by an officer from the Welch detachment and selected as many other trustys had been previously selected to clean and maintain this and other State Police barracks throughout the State. In his testimony Trooper Catlett admitted that when he used the word trustworthy as applied to trustys, he meant “relatively trustworthy”. Trooper Catlett and Moore testified that they had not known of any misconduct on the part of the trusty until after he was caught in his “joy riding” adventure. Apparently, he had attended to his chores in a satisfactory manner, and there was no reason to anticipate that he might injure the climant’s property through a criminal act.
*137 State Farm Mutual Automobile Insurance Company vs. Department of Public Institutions, 7 Ct. Cl. 146, decided by this Court in 1968, was a “joy riding” case similar to this claim, although the evidence in that case probably was more favorable to the claimant. That claim was disallowed for failure to prove negligence, and the Court is of opinion that this claim also is not supported by proof of negligence, and, therefore, the same is disallowed.
Claim disallowed.